

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

Nos. 04-13-00658-CR, 04-13-00659-CR & 04-13-00660-CR

George Edward **PURDY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Kendall County, Texas
Trial Court Nos. 4482, 4958 & 4959
Honorable N. Keith Williams, Judge Presiding

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Sandee Bryan Marion, Justice

Delivered and Filed: November 13, 2013

DISMISSED

The trial court's certification in each of these appeals states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." The clerk's record for each appeal contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the trial court's certifications accurately reflect that the underlying cases are plea-bargain cases. *See* TEX. R. APP. P. 25.2(a)(2).

Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d). On October 3, 2013, we ordered that these appeals would be dismissed pursuant to rule 25.2(d) unless an amended trial court certification showing that the appellant has the right of appeal was made part of the appellate record in each appeal by November 4, 2013. *See* TEX. R. APP. P. 25.2(d); 37.1; *see also Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005); *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.). No response was filed. In the absence of an amended trial court certification showing that the appellant has the right of appeal, rule 25.2(d) requires this court to dismiss these appeals. Accordingly, the appeals are dismissed.

PER CURIAM

DO NOT PUBLISH